UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:10-MC-292-KSF |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| SCOTT MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This summons enforcement action is before the Court on referral from the District Judge. *See* DE #2 (Order to Show Cause). The United States initiated the case, on behalf of the Internal Revenue Service, to effectuate compliance with administrative summonses served by the IRS on Scott Martin. *See* DE #1 (Petition to Enforce). The Court ordered personal service of the IRS Petition as well as a show cause order, directing Mr. Martin's personal appearance. *See* DE #2 (scheduling for September 30); DE #5 (Order rescheduling to October 1); DE #6 (Order rescheduling to October 5). The Marshal properly served Mr. Martin, *see* DE #3 (Return of Service), and all parties appeared before the undersigned at the appointed date and time.

The United States proceeds under the administrative enforcement mechanics of the Internal Revenue Code, including 26 U.S.C. §§ 7402, 7602, and 7604. This Court has jurisdiction over the subject matter, and personal jurisdiction over the Respondent, a District resident, per sections 7402(b) and 7604(a).

The Supreme Court established a framework for enforcement that requires IRS satisfaction of certain procedural and other conditions precedent to judicial intervention. *See*

1

*United States v. Powell*, 85 S. Ct. 248, 255 (1964); *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 733 (6th Cir. 2006) (describing *Powell* as "the analytical framework that governs enforcement decisions"). Once the United States establishes *Powell* and statutory compliance by prima facie evidence,[1] the burden shifts to a respondent to "either disprove the elements of the prima facie case or 'demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process.'" *See Monumental Life*, 440 F.3d at 733 (quoting *United States v. Davis,* 636 F.2d 1028, 1034 (5th Cir. 1981)).

In advance of the hearing, the Court reviewed in detail the IRS Petition, which appended supportive declarations from Revenue Officer Linda Kennedy as well as the administrative process at issue. *See* DE #1. The verified materials established the Government's prima facie enforcement right. Thus, the materials are prima facie evidence in satisfaction of all substantive and procedural requirements imposed by *Powell* and the Code, including proper purpose, relevance, nonduplication, and valid administrative issuance. Further, the Court finds that the mode of administrative service was valid and that all process complied with the Code.[2] The

---

[1] A tendered affidavit generally suffices, at the prima facie stage. The IRS must show (1) a legitimate purpose; (2) relevance; (3) that it does not already have the sought information; and (4) compliance with the Code's procedural requirements. *See Monumental Life*, 440 F.3d at 733.

[2] Martin asserted that he had not received service of any documents in this matter prior to being served personally by the United States Marshal. However, Martin stated explicitly that he did not intend this assertion to be a defense or motion.

26 U.S.C. § 7603 permits service "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode . . . ." *See* 26 U.S.C. § 7603. In this instance, Revenue Officer Kennedy left both summonses at Martin's acknowledged usual place of abode, and on the Certificates of Service of Summons, Officer Kennedy designated "TP's wife" as having received the summons. Where a government agent seeks to rely on "usual place of abode" service, but does not name the recipient of service, due process may be violated. *See United States v. Giertz*, 650 F. Supp. 886, 888 (S.D. Fla. 1987). The Court thus notes (without resolving) a question whether "TP's wife" would be sufficient under a due process challenge. However, since Martin here has not raised a service objection or defense, the matter

Marshal's personal service of the show cause order properly brought Mr. Martin before the Court.

The tendered materials further verified absence of a parallel criminal investigation. Section 7602(d) of the Internal Revenue Code bars administrative summons issuance and/or civil enforcement "with respect to any person if a Justice Department referral is in effect with respect to such person." *See* 26 U.S.C. § 7602(d) (defining "referral" as, in essence, IRS-recommended criminal prosecution or active criminal investigation by DOJ).

Prior to court, the parties reached a tentative agreement; Martin affirmatively agreed on the record that enforcement would be proper and that the IRS is entitled to the relief sought. Further Martin agreed to meet with Revenue Officer Linda Kennedy on October 19, 2010, to provide the required information. Because Martin did not rebut the prima facie case, the Court finds that enforcement of the summons is appropriate on this record. Martin's failure to argue or proffer against the prima facie showing results in summons enforcement. *See United States v. Gertner*, 65 F.3d 963, 967 (1st Cir. 1995) ("[I]n order to advance past the first tier, the taxpayer must articulate specific allegations of bad faith and, if necessary, produce reasonably particularized evidence in support of those allegations").

The Court thus recommends that the District Judge issue an order enforcing the IRS summons at issue in this action. Per 26 U.S.C. §§ 7402(b), 7602, and 7604, the IRS has established its right to enforcement, and Respondent has failed to show any cause in avoidance of such relief. As specifically sought by the United States, the District Judge should order that

---

does not stand in controversy. The Court simply finds that, absent a challenge from Martin, service of the summonses stands as sufficient in this case.

Respondent appear at a particular date and time before Revenue Officer Linda Kennedy to respond in full to the summonses previously served. The Court further should warn, and Martin must take notice, that failure to abide by the order to appear could subject Martin to potential penalties, including contempt of court.

The Clerk of the Court shall serve this Order on all parties, and specifically shall serve the Respondent at 690 Gingermill Lane, Lexington, KY, 40509.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 6th day of October, 2010.

Signed By:
Robert E. Wier  *REW*
United States Magistrate Judge